UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLDO A. GAMBOA,

Petitioner,

v.

ERIC RARDIN,

Respondent.
________________________________/

Case No. 2:25-cv-10331

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING AS MOOT THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND CLOSING THE CASE**

Petitioner Arnoldo A. Gamboa is currently confined at the Federal Correctional Institution in Milan, Michigan, where he is serving an aggregated sentence of 364 months[1] arising from his convictions for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1), and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. ECF No. 1; *see also* ECF Nos. 8-2 at PageID.62–63, 66; 8-3 at PageID.88, 101. Specifically, in February 2008, Gamboa was sentenced to 46 months imprisonment in the Southern District of West Virginia for his illegal entry conviction. *See United States v. Gamboa,* No. 2:07-cr-00136 (S.D.W. Va. Feb. 21, 2008), ECF No. 8-3 at PageID.88–93. Then in June

[1] Gamboa's projected release date is on January 21, 2032. *See* ECF No. 8-2 at PageID.66.

2009, Gamboa was convicted by a jury of one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to launder money in violation of 21 U.S.C. § 956(h). *See United States v. Gamboa*, No. 2:08-cr-00151-2, 2022 WL 275528, at *1 (S.D.W. Va. Jan. 28, 2022), *aff'd*, No. 22-6158, 2022 WL 1711655 (4th Cir. May 27, 2022). Gamboa was initially sentenced to life imprisonment based on having three prior drug convictions, and he did not receive any good-time credits against his life sentence. *See id.* However, in January 2022, the sentencing judge granted in part Gamboa's motion for compassionate release and reduced his sentence to 25 years imprisonment. *See id.* at * 4–5.

As a result, the Bureau of Prisons (BOP) awarded him 1,556 days of earned and projected good-time credits. *See* ECF Nos. 8-2 a PageID.68 (stating the total good-time credits earned and projected was 1,556 days); 8-3 at PageID.138 (same), 147. Specifically, with regard to Gamboa's drug sentence, he was initially awarded 1,350 days credit. *See* ECF No. 8-3 at PageD.75, 117. The 1,556 days credit that Gamboa ultimately received was calculated by aggregating Gamboa's 25-year and 46-month sentences to a single term of 28 years and 10 months. *See* ECF No. 8-3 at PageID.75–77, 147 (calculating 28 years x 54 =1,512 days plus 10 months has 44 days prorated for a total of 1,556 days); *see also id.* at PageID.147.

Despite this award, Gamboa filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 4, 2025, alleging that the BOP failed to apply good-time credits against his federal sentence after the sentencing judge reduced his sentence from life to 25 years. ECF No. 1.

Section 3624(b)(1) of the Crimes and Criminal Procedure Code discusses a federal inmate's ability to earn credit toward the service of his or her sentence for satisfactory behavior, which provides that

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.
>
> 18 U.S.C. § 3624(b)(1).

And here, Gamboa did not initially earn any good-time credits towards his drug convictions because of the original life sentence. However, once Gamboa's sentencing judge reduced his sentence to 25 years, the BOP agreed to grant Gamboa both earned and projected good-time credits on his drug sentence. Once Gamboa's sentence was amended from life to 25 years, the BOP followed the correct procedure by properly awarding him good-time credits for each year he spent in prison. *See, e.g.*, *Alaniz v. Kizziah*, No. 6:19-CV-08, 2020 WL 7054243, at *3 (E.D. Ky. Dec. 2, 2020) (finding that the BOP followed proper procedures to correct the petitioner's

good-time credits after the petitioner's life sentence was reduced to 384 months). Consequently, there is no additional relief this Court can grant Gamboa. *See Waltmeyer v. Walton*, 471 F. App'x 488, 490 (6th Cir. 2012) ("The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.") (*quoting Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010)).

Indeed, Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings, meaning that the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). And in the absence of a redressable injury, a district court may dismiss a petition as moot. *See Brock v. U.S. Dep't of Just.*, 256 F. App'x 748, 750 (6th Cir. 2007) ("Although neither party raised the issue of mootness, questions of jurisdiction are fundamental matters which the [district court] may review *sua sponte*."); *see also Carras v. Williams*, 807 F. 2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). Because the BOP has already retroactively awarded Gamboa good-time credits on his drug conviction, his petition is now moot and this Court will dismiss it. *See Doughty v. U.S. Bd. of Parole*, 782 F. Supp. 653, 655 (D.D.C. 1992) (finding the

petitioner's pursuit of good-time credits was moot because prison officials had since awarded good time credits to the petitioner's sentence).

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED AS MOOT**, thereby **CLOSING THE CASE**.[2]

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 6, 2026

[2] Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Gamboa need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).